IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOHN PIERRE-LOUIS,                  :
                                    :
                  Plaintiff,        :
                                    :
       v.                           :    Civ. No. 13-1624-LPS
                                    :    Del. Super. No. N13C-08-00303(MMJ)
BANK OF AMERICA N.A., et al.,       :
                                    :
                  Defendants.       :

---

John Pierre-Louis, Philadelphia, Pennsylvania. Pro Se Plaintiff.

Brian M. Rostocki, Audrey DuPont, and Carole G. Miller, Esquires, Reed Smith LLP, Wilmington, Delaware. Attorneys for Defendants.

## MEMORANDUM OPINION

August 11, 2014
Wilmington, Delaware

[signature] 

**STARK, U.S. District Judge:**

## I. INTRODUCTION

On September 30, 2013, Defendants filed a notice of removal pursuant to 28 U.S.C. § 1441, of Civil Case No. N13C-08-00303(MMJ) from the Superior Court of the State of Delaware in and for New Castle County ("Superior Court").[1] (D.I. 1) Pending before the Court are numerous motions including a motion to dismiss, a motion to amend, and a motion to remand. (D.I. 3, 9, 13, 15, 16, 20) For the reasons discussed below, the Court will remand the matter to the Superior Court for want of jurisdiction.

## II. BACKGROUND

On September 4, 2013, Plaintiff, who appears *pro se*, filed an eleven-count complaint in the Superior Court, *Pierre-Louis v. Bank of America Corp.*, Civil Case No. N13C-08-0303(MMJ), alleging as follows: Count 1, wrongful termination in violation of public policy and relevant statutes; Count 2, breach of the implied covenant of good faith and fair dealing; Count 3, intentional infliction of emotional distress; Count 4, negligence; Count 5, tort assault; Count 6, tort battery; Count 7, false imprisonment; Count 8, libel; Count 9, slander per se; Count 10, negligent supervision; and Count 11, negligent retention.

Defendants removed the action to this Court on the grounds that it could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, as Plaintiff alleges Title VII claims against Defendant Bank of America ("BOA"). Plaintiff moves for remand to the Superior Court, claiming that the procedures for removal were not satisfied and that the Court lacks subject matter jurisdiction because the Complaint did not assert any federal claims. In addition, Plaintiff states that

---

[1] The removal statutes were amended effective December 7, 2011. *See* 28 U.S.C. § 1441 through § 1455.

1

he did not intend to assert any federal claims and was unaware that he had asserted any federal claims. Defendants oppose the motion to remand on the grounds that Plaintiff's procedural objections are untimely and without merit and federal question jurisdiction exists for removal.

## III. LEGAL STANDARDS

Section 1441(a) permits a defendant to remove a civil action from state court to a federal court in which the action could have been filed originally; that is, where the federal court has subject matter jurisdiction over the action. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Section 1446 outlines the procedures for removal, while § 1447 sets forth the procedures following removal. *See* 28 U.S.C. §§ 1446, 1447. Defects in removal may be procedural or jurisdictional. Jurisdictional defects may be raised at any time. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *see also Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citing *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). "The controversy must be "genuine and present . . . not merely . . . conjectural." *Gully*, 299 U.S. at 113. "In short, the federal law 'must

2

be in the forefront of the case and not collateral, peripheral, or remote.'" *U.S. Express Lines v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002) (quoting *Merrell Dow Pharm. v. Thompson*, 478 U.S. 804, 813 n.11 (1986)). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813. The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* at 392 (citing *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913)).

There are two situations in which federal jurisdiction could be available even though a plaintiff bases claims contained in the complaint on state law: "when it appears that some substantial, disputed question of federal law is a necessary element of the well-pleaded state claims or . . . when it appears that plaintiff's claim is really one of federal law." *Goepel v. National Postal Mail Handlers Union*, 36 F.3d 306, 310 (3d Cir. 1994) (internal quotation marks and citations omitted). A state claim is "really one of federal law" if the "federal cause of action completely preempts the state cause of action." *Id.* at 310 (internal quotation marks and citations omitted).

"An independent corollary to the well-pleaded complaint rule is the further principle that a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Smith v. Northland Group, Inc.*, 2013 WL 1766775, at *2 (M.D. Pa. Apr. 24, 2013) (internal quotation marks omitted). This principle, referred to as the "artful pleading doctrine," comes into play when the complaint contains a federal claim artfully pled as a state law claim. *See United Jersey Banks v. Parell*, 783 F.2d 360, 367 (3d Cir. 1986). The "artful pleading" doctrine "requires a court to peer through what are ostensibly wholly state claims to discern the federal question lurking in the verbiage." *Higgins*, 281 F.3d at 389 (internal citation omitted). If a court concludes that a plaintiff has "artfully pleaded" claims, it may uphold removal even if no federal claim appears on the face of the

3

complaint. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998).

However, "where a defendant's conduct gives rise to federal and state law violations and a plaintiff chooses not to raise federal claims in lieu of proceeding solely under state law, the artful pleading doctrine is inapplicable." *Byrd v. Frost*, 2008 WL 5412088, at *4 n. 3 (E.D. Pa. Dec. 29, 2008). Moreover, "[u]nless applied with circumspection, the artful pleading doctrine may raise difficult issues of federal-state relations. An expansive application of the doctrine could effectively abrogate the rule that a plaintiff is master of his or her complaint." *United Jersey Banks*, 783 F.2d at 368.

## IV. <u>DISCUSSION</u>

Count 1 in Plaintiff's removed complaint is entitled "Wrongful Termination in Violation of Public Policy and Relevant Statutes, Against Defendants BOA, Awadalia, Andrews and Johnstone."[2] It is this count that Defendants claim vests this Court with jurisdiction. Plaintiff alleges in Count 1 that his employment was terminated in violation of federal laws, Delaware's Whistleblower Protection Act, and other Delaware State laws, with no basis in fact and, therefore, was illegal and in violation of public policy. (D.I. 1 Ex. 1 at ¶ 448) Count 1 refers to two EEOC charges of discrimination complaining of discrimination, retaliation, and racial/ethnic harassment. (*Id.* at ¶ 417) Prior to filing the charges of discrimination with the EEOC, Plaintiff had complained of being singled out for discriminate or disparate treatment that created a hostile work environment in violation of Title VII and Delaware's Discrimination in Employment Act. (*Id.* at ¶¶ 140-41) The Complaint alleges that Plaintiff was punished for filing the charges of discrimination, but Defendants tried to make the punishment and retaliation seem legitimate and not in violation of

---

[2]The remaining counts are not at issue as it is clear that they raise supplemental claims under Delaware law.

4

Title VII, the Delaware Whistleblower Protection Act, or any other applicable laws. (*Id.* at ¶ 418) It also alleges that Plaintiff acted in good faith when he complained about violations of state and federal law. (*Id.* at ¶ 420) The last paragraph of Count 1 alleges that:

> The Defendants were so mad with the Plaintiff for being a whistleblower that they were not going to be satisfied with resignation of the Plaintiff and refused to allow him to resign but instead preferred to terminate him on the pretextual grounds that he made threats or said something inappropriate to Teller Supervisor Ms. Ashlee.

(D.I. 1 at ¶ 454)

Plaintiff contends that this Court lacks subject matter jurisdiction. Plaintiff states that any references made in Count 1 to federal law were made in connection with his claim under the public policy implication of the Delaware Whistleblower Protection Act and that he had no intention of asserting any federal claim. (D.I. 14 at 9-10) Plaintiff states that he did not plead a Title VII or any other federal cause of action that justified removal, and that his Complaint contains traditional Delaware State law causes of action. Plaintiff further argues that Defendants "seem to rewrite" his Complaint "to mold it into a federal complaint." (*Id.* at 15) Plaintiff adds that the fact he complained about discrimination and retaliation does not justify the removal of the Complaint to this Court.

Defendants oppose remand and contend that Count 1 raises a claim under Title VII. Defendants argue that Plaintiff makes a blatant attempt to manipulate the forum by claiming that he did not intend to make allegations raising a federal question. Defendants argue that the Complaint clearly raises substantial issues of federal law and that, at the very least, those questions are essential elements of Plaintiff's claims. They further argue that it does not matter that Plaintiff did not plead a Title VII or other federal cause of action as a separate, numbered count. Defendants' position is

5

that Plaintiff's principal claim is for the type of retaliation prohibited by Title VII, so "Plaintiff's claim is really one of federal law." (D.I. 18 at 9)

Plaintiff proceeds *pro se* and his Complaint falls far short of what the Court considers a well-pleaded complaint. Nor, however, does the Court consider the claims as ones that are "artfully pled" so as to avoid federal jurisdiction. While it may be true that Title VII could potentially provide Plaintiff with relief, it is also true that he may seek relief through state law remedies, including the Delaware's Whistleblowers' Act and Delaware Discrimination in Employment Act. Although the Complaint is not a model of clarity, it is clear from the last paragraph of Count 1 that Plaintiff is alleging he was fired as a result of whistleblower activities. The only whistleblower statute referred to in the Complaint is Delaware's Whistleblower Statute. Defendants do not show how Plaintiff's claim requires resolution of significant issues of federal law. Instead, they merely provide conclusory statements to support their position.

The Court finds that there are no federal claims that are apparent on the face of the Complaint and that the Complaint is not artfully pled in an attempt to avoid federal jurisdiction. Accordingly, the Court concludes that it does not have subject matter jurisdiction in this matter.

## V. **CONCLUSION**

For the above reasons, the Court will grant Plaintiff's motion to remand. (D.I. 13) The Court will remand the case to the Superior Court for want of jurisdiction.

An appropriate order will be entered.